UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
METROPOLITAN LIFE INSURANCE
COMPANY,

        Plaintiffs,

  -against-

JOETTE COHEN, LAWRENCE REISS,
ELISSA HARRIS and KAREN KRAMER,
Individually and as the Personal Representative
of the ESTATE OF SYLVIA REISS,

        Defendants.
----------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-4108

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   OCT 07 2013   ★

LONG ISLAND OFFICE

APPEARANCES:

JOETTE COHEN
296 Birth Drive
Roslyn, NY 11576
*Pro se* Defendant

LAWRENCE REISS
374 Lake Pointe Drive
Middle Island, NY 11953
*Pro se* Defendant

ELISSA HARRIS
249-18 Shiloh Avenue
Bellerose, NY 11426
*Pro se* Defendant

KAREN KRAMER,
Individually and as the Personal Representative
of the ESTATE OF SYLVIA REISS
27822 Colonial
Mission Viejo, CA 92692
*Pro se* Defendant

-1-

WEXLER, District Judge:

This interpleader action was brought by Metropolitan Life Insurance Company ("MetLife") concerning a dispute over the life insurance proceeds on a policy issued on the life of Paul Reiss ("Paul Reiss" or "Paul") in the amount of $5,000.00. On July 30, 2012, this Court granted MetLife's unopposed motion to deposit the proceeds of the policy into the Court, which MetLife did on August 7, 2012, in the amount of $8,442.88 (see docket entry #10). Defendants Joette Cohen ("Cohen), Lawrence Reiss ("Lawrence Reiss") and Elissa Harris ("Harris") are the children of Paul Reiss from his first marriage (collectively, the "Reiss Defendants"). Defendant Karen Kramer ("Kramer") is the representative of the estate of Sylvia Reiss ("Sylvia Reiss" or "Sylvia"),[1] who was Paul Reiss' second wife. Kramer is Sylvia Reiss' daughter. Kramer moves for summary judgment ordering that the life insurance proceeds be paid to her on behalf of Sylvia's Reiss' estate. The Reiss Defendants oppose the motion.

## BACKGROUND

The following facts are not disputed by any of the Defendants: Paul Reiss took out a life insurance policy from MetLife, Policy number 636 313 420 A, on March 14, 1963 (the "Policy"). By an Assignment of Interest dated August 28, 1988, Paul Reiss designated his wife, Sylvia as the sole revocable beneficiary on the policy. Paul and Sylvia Reiss lived in Florida, and while there is some dispute concerning the circumstances of Paul's move, it is nevertheless undisputed that in approximately December 2007, Paul Reiss moved to New York, where his children lived.

---

[1] Kramer does not have letters of administration to act on behalf of the estate, stating that under Florida law, such letters are unnecessary where the estate is small and does not need to be probated. Kramer provides an affidavit from a trusts and estates lawyer in Florida in support of this position, as well as powers of attorney executed by her siblings who are also heirs of Sylvia Reiss authorizing her to act on their behalf.

On January 1, 2008, Paul purportedly signed an Absolute Assignment ("Assignment"), that removed Sylvia Reiss as the beneficiary, replacing her with Paul's three children – Cohen, Lawrence Reiss and Harris, to be divided equally. It is undisputed that this Assignment was received by MetLife on February 11, 2008. On February 18, 2008, Paul Reiss died in New York. Approximately one year later, on February 23, 2009, Sylvia Reiss died in Florida.

Other facts in this case are disputed. Kramer disputes the legitimacy of this Assignment, claiming that Paul suffered from Alzheimer's, was mentally incompetent to have wilfully and knowingly changed the beneficiary, and was manipulated by his children to do so. In support thereof, Kramer provides an affidavit from the doctor who treated Paul in Florida from April 2006 through September 2007, who states that Paul suffered from a memory disorder compatible with Alzheimer's disease that was getting progressively worse, and thus he could not have been competent to make any decisions in January 2008. Kramer also submitted an affidavit from the Florida lawyer Sylvia consulted, asserting it was not a divorce Sylvia sought but advice on how to split Paul's pension benefits. In addition, Kramer submitted an affidavit from Sylvia's son-in-law stating, *inter alia*, that Paul did not recognize his kids when they retrieved him from Florida in December 2007.

In opposition to the motion, the Reiss Defendants submit various statements, including one from a doctor who began treating Paul Reiss in December 2007 after he moved to New York, and who last saw him on January 3, 2008, two days after he signed the Assignment. She attests that he was of sound mind. Another notarized letter from the witnesses to the Assignment states that he appeared to understand what he was doing be and be of sound mind when he executed the Assignment. Finally, an affidavit of a close friend states that Paul knew Sylvia was

seeking to divorce him, that she had forced him to move out and "rob" him of his money, and that he purposefully intended to change his beneficiary to give the insurance proceeds to his children.

## DISCUSSION

The standards for summary judgment are well settled. Rule 56(c) of the Federal Rules of Civil Procedure 56(c), states that summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.' " Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original). The nonmoving party

may not rest upon mere conclusory allegations or denials but must set forth " 'concrete particulars' " showing that a trial is needed. R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984), quoting, SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir.1978). Accordingly, it is insufficient for a party opposing summary judgment " 'merely to assert a conclusion without supplying supporting arguments or facts.' " BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996), quoting, Research Automation Corp., 585 F.2d at 33.

The court has reviewed the parties' submissions and concludes that issues of fact preclude the entry of summary judgment in this action. Various issues of fact exist concerning, most importantly, the circumstances surrounding Paul Reiss' execution of the Assignment, and whether he was competent at the time. Accordingly, Defendant Kramer's motion for summary judgment is denied. See Fed. R. Civ. P. 56(a) (a party seeking summary judgment must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Reiseck v. Universal Communications of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010).

All parties are hereby directed to appear with their witnesses on February 24, 2014 at 9:30 am for a trial of this matter.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
October 7, 2013